UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                          Case Number 19-20380

v.                                            Honorable David M. Lawson

MICHAEL HUE THOMPSON,

            Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE
## ORDER SETTING NEW TRIAL DATE AND EXCLUDING TIME

This matter is before the Court on the defendant's motion to vacate the Court's order scheduling a jury trial in this matter for December 16, 2021, to attribute to the government any delay in the proceedings from September 23, 2021 through December 16, 2021, and to allow the defendant "formally to object" to the scheduling of a trial in mid-December rather than earlier, in mid-October 2021. The precise grounds for the motion are somewhat unclear, but the gravamen of the defendant's presentation is that his rights to a speedy re-trial under the Speedy Trial Act and the Sixth Amendment were compromised by an approximately two-month delay of the proceedings from October to December 2021, to which counsel for both sides consented, but which the defendant asserts should be attributed solely to the government, not the defense.

To the extent that the motion may be construed as a motion for reconsideration of the Court's scheduling order, it is untimely. To the extent that it may be construed as presenting a request for dismissal of the charges or other substantive sanctions based on alleged speedy trial violations, the defendant has not identified a violation of the Speedy Trial Act or shown that his defense has been prejudiced in any material way by the delay of the re-trial. The motion therefore will be denied.

I.

This case was tried before a jury over three days beginning on January 14, 2020. After taking the testimony of 19 witnesses and receiving in evidence more than 500 pages of exhibits in documentary and electronic form, and after the jury deliberated throughout the day on January 17 and 21, 2020, the Court determined that the jury could not reach a unanimous decision on any of the three counts of the indictment. With the consent of the parties, the Court declared a mistrial in open court. Thereafter, upon interviewing the jury in camera, the Court learned that the jury was divided with 11 in favor of conviction and one holdout for acquittal.

While the jury was deliberating, the defendant, who was free on bail, absconded. He was apprehended shortly thereafter and taken into custody.

In accordance with the applicable provisions of the Speedy Trial Act, the Court scheduled the retrial to begin on March 10, 2020. *See* 18 U.S.C. § 3161(e) (requiring that a retrial commence within 70 days "from the date the action occasioning the retrial becomes final."). However, during a February 18, 2020 status conference, defendant's previous trial counsel made an oral motion for a competency evaluation, which was granted by the Court. The trial and final pretrial deadlines were adjourned pending the outcome of the competency proceedings. In the meantime, the global coronavirus pandemic arose and came into full force, and restrictions imposed by the Bureau of Prisons in response to that public health emergency delayed the completion of the evaluation for several months. However, the Court held a competency hearing on August 10, 2020, and it then determined that the defendant was competent to stand trial. The Court set a new trial date of November 17, 2020, anticipating that the pandemic crisis would have by then abated.

Four days after the competency hearing, on August 14, 2020, the defendant's then counsel of record, Michael Arnone, filed a motion to withdraw. On August 27, 2020, September 9, 2020,

and September 23, 2020, the Court held a hearing and continued hearing on the motion. At the conclusion of those hearings, the motion was granted, and the case was referred to the Federal Community Defender Organization for appointment of new counsel. Attorney Alvin C. Sallen entered his appearance as counsel for the defendant on September 24, 2020.

On November 4, 2020, the Court held a status conference via video conferencing with the defendant, the defendant's new lawyer, and counsel for the government, to discuss the impending trial deadlines. During that conference, the defendant requested an adjournment of the trial and final pretrial deadlines because his new lawyer had not yet received all of the discovery materials, and he also had difficulties obtaining trial transcripts. The Court granted the request and set a new trial date of February 9, 2021.

On December 3, 2020, the Court held another status conference via video conferencing with the defendant and counsel for the parties. During that conference, the defendant's attorney represented that limitations on in-person visitation with his client under regulations promulgated by the Bureau of Prisons had prevented him from scheduling adequate time to meet with the defendant for a full review of the discovery materials. The defense again asked the Court to adjourn the trial, to allow the defendant and his lawyer more time to prepare for trial. That request was granted, and a new trial date of March 30, 2021 was established.

On January 22, 2021, the Court granted the defendant's renewed motion for revocation of the order of detention and ordered his release on bond. During the same video teleconference hearing, the Court also addressed and granted another oral motion by the defense for a further adjournment of the trial and final pretrial deadlines. The trial again was rescheduled for May 11, 2021. But that was not to be, because the public safety crisis compelled the total closure of the federal courthouse in Detroit from the onset of widespread community transmission of the

coronavirus in mid-March 2020 eventually until September 7, 2021, when, with certain enhanced safety protocols and severe limitations on the number of persons permitted to attend public trials in-person, the federal courthouse finally reopened for limited scheduling of criminal jury trials. *See* E.D. Mich. Admin. Order 20-AO-021 (Mar. 13, 2020) ("With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the recommendations from public health organizations on the availability of counsel and Court staff to be present in the courtroom, the time period of the postponements implemented by this administrative order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the postponements outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)."); E.D. Mich. Admin. Order 20-AO-039 (July 21, 2020) ("The Court finds that considering these exigent conditions, proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice. *See* 18 U.S.C. 3161(h)(7)(B)(i). The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and without a postponement of jury trials, counsel for the defendant and the attorney for the government will not have the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv)."); E.D. Mich. Admin. Order 20-AO-038 (Sept. 8, 2020) (establishing "Phased-in Recovery Plan" for resumption of in-person proceedings); E.D. Mich. Admin. Order 21-AO-022 (Sept. 3, 2021) (establishing safety protocols for persons entering the federal courthouse preparatory to the resumption of in-person public proceedings on September 7, 2021); *see also* E.D. Mich. Admin. Order 21-AO-023 (Sept. 22, 2021) ("On September 7, 2021 the courthouses [in the Eastern District of Michigan] opened to the public, with the mitigation

strategies noted. In addition, jury trials are limited to keep the population down in the courthouses at any given time.") (further extending authorization of teleconferencing and video conferencing for certain criminal proceedings).

On April 26, 2021, in accordance with the series of pandemic related administrative orders, the Court issued an order adjourning the trial and final pretrial conference without date, due to the ongoing total closure of the federal courthouse for in-person proceedings. Neither the government nor the defendant objected to that adjournment.

On September 23, 2021, after the courthouse reopened to the public, the Court held a status conference with counsel for the parties to discuss setting a new trial date. That status conference was held via video conferencing with counsel for the parties, and the defendant was not present. During the conference, the government indicated that it would complete the production of all outstanding discovery materials by September 30, 2021, and otherwise it was prepared to proceed to trial. However, the government indicated that it might need to call approximately 20 additional witnesses who were not called to testify at the first trial, to rebut the defendant's alibi defense. The government indicated that it would be difficult or impossible to summon all of those witnesses to Michigan on short notice. Counsel for the defense stated that he would need some time to review the remaining discovery materials, discuss them with his client, and decide whether to file any pretrial motions. The Court suggested that a trial could be started in mid-October, but counsel for both sides stated that they could not be prepared fully to proceed by that date. However, they suggested that they could be prepared for a trial in mid-December. The parties jointly requested that the Court set the trial for a later date than initially proposed. The Court granted the parties' request for a later trial date, and the trial was set to begin on December 16, 2021.

On December 1, 2021, the defendant filed a "motion to vacate" the September 23, 2021 order granting the joint request to establish a mid-December trial date. The full scope of the relief sought in the motion is unclear, but the defendant asks the Court to do at least the following: (1) vacate the September 23, 2021 order, (2) allow the defendant to "formally make his objection" to the exclusion of time under the Speedy Trial Act from September 23, 2021 through December 16, 2021, and (3) "attribute any continuance for a new trial date to the government," due to the government's professed inability to summon all of its witnesses on short notice.

II.

The defendant argues that his speedy trial rights have been prejudiced because he indicated to the Court that he was "ready to proceed to a retrial immediately" after the mistrial in January 2020, but despite his readiness the re-trial eventually was delayed for more than 20 months. The defendant further asserts that, notwithstanding his "repeated assertion of his speedy trial rights" in communications with his lawyers, and his express directions to object to any continuance, both his prior and present counsel of record repeatedly have requested and consented to adjournments of the trial date against his wishes. The defendant also says that his prior counsel made an allegedly dilatory and self-interested request for a gratuitous competency evaluation without consulting the defendant or explaining the impact of the competency proceedings on the defendant's speedy trial rights. The defendant also says that he never was consulted before September 23, 2021 about scheduling a prospective new trial date, and he was told by his lawyer that "his presence was not required" at the scheduling conference; he says that if he had been present, he would have objected to the scheduling of the trial in mid-December rather than mid-October 2021.

The defendant contends that any delay of the proceedings after the federal courthouse reopened to the public on September 7, 2021 should be attributed to the government, not the

defense, because it was the government's assertion that it could not summon all of its witnesses for a mid-October trial that principally motivated the concession to establish a later trial date.

As an initial matter, to the extent that the motion embodies a request for reconsideration of the September 23, 2021 scheduling order, it is untimely. The local rules of the district specify that any motion for reconsideration of a non-final order must be filed within 14 days after the order in question was issued. E.D. Mich. LR. 7.1(h)(2). The defendant's *pro se* motion was dated October 22, 2021, and it was filed by his counsel on December 1, 2021, evidently after counsel had some discussions with his client and government counsel about the issues presented. Based on the date that the motion was signed by the defendant, it first was presented to his counsel long after the 14-day deadline for seeking reconsideration of the scheduling order had passed. Reconsideration of the Court's scheduling decision is not warranted at this late date.

To the extent that the motion presents a demand for any substantive sanction as a result of any supposed speedy trial violation, the defendant has not established either that any excessive delay transpired that was not properly excludable under the Speedy Trial Act, or that his defense has been impaired in any way by any such delay. The defendant therefore has not established that any sanction such as dismissal of charges is warranted due to any trial delay either before or after the federal courthouse reopened for in-person proceedings on September 7, 2021.

## A. Speedy Trial Act

"The [Speedy Trial Act] provides that a trial 'shall commence within seventy days' after the public filing of an indictment or initial appearance (whichever comes later), 18 U.S.C. § 3161(c)(1), but includes a number of exclusions from this seventy-day period." *United States v. Felix*, 850 F. App'x 374, 381 (6th Cir. 2021) (quoting 18 U.S.C. § 3161(c)(1)). With respect to retrials, the Act provides that a new trial must commence "within seventy days from the date the

action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Among the periods of delay that are excludable from the 70-day period, the Act includes any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant," 18 U.S.C. § 3161(h)(1)(A). The Act also excludes from the 70-day calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court may consider several circumstances when deciding where such an "ends of justice" exclusion is warranted, including, as pertinent here, "[w]hether the failure to grant [a] continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The defendant has not established that there was any Speedy Trial Act violation in this case, because the record discloses that only 48 days ran on the speedy trial clock from the declaration of the mistrial on January 17, 2020 through the imminent commencement of the second trial on December 16, 2021.

The mistrial was declared on January 17, 2020, and the retrial initially was scheduled to begin on March 10, 2020. ECF No. 70. From January 17, 2020 to February 18, 2020, 32 days elapsed. On February 18, 2020, the Court granted an oral motion by defense counsel for a competency evaluation, and the time associated with the competency proceedings was excluded from February 18, 2020 through August 10, 2020. *See* ECF No. 72; 18 U.S.C. 3161(h)(1)(A). After the Court determined that the defendant was competent to stand trial, a new trial date of

November 17, 2020 was set, and the time from August 10, 2020 through November 17, 2020 was excluded because the Court found that restrictions on in-person proceedings and custody visits then in force as a result of the global pandemic prevented the defendant and his lawyer from having an adequate opportunity to prepare for trial, and the inability of the Court safely to summon an adequate spectrum of jurors made proceeding with a jury trial either impossible or likely to result in a miscarriage of justice. *See* ECF No. 78; 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(iv).

After a status conference on November 4, 2020, the Court granted the defendant's request to adjourn the trial, and the time from November 4, 2020 through the new trial date of February 9, 2021 was excluded based on the Court's findings that more time was needed for the defense to complete its trial preparations, and because the Court still was unable to commence an in-person jury trial due to the ongoing pandemic crisis and related court closure. ECF No. 96. On December 3, 2020 and January 22, 2021, the Court granted two more defense requests for adjournments, and time was excluded cumulatively from December 3, 2020 through May 11, 2021, for the same reasons noted above. On April 22, 2021, the Court issued an order adjourning the trial without date and excluding time from that date through the eventual reopening of the federal courthouse and the resumption of in-person jury trials in the district. ECF No. 140.

On September 7, 2021, the courthouse reopened for limited scheduling of in-person jury trials. On September 23, 2021, the Court held a status conference with the parties and set a new trial date of December 16, 2021, based on the parties' joint representations that they could not be prepared fully to proceed to trial at any earlier date. The time was excluded from September 23, 2021 through the present trial date of December 16, 2021, due to the need to allow the parties adequate time to complete their trial preparations regarding new witnesses that had not been part

of the case during the first trial. ECF No. 154. From September 7, 2021 through September 23, 2021, only 16 days at most ran on the speedy trial clock. In sum, from the declaration of the mistrial on January 17, 2020 through the impending trial date of December 16, 2021, only 48 days in total ran on the speedy trial clock, and the entire remainder of the delay validly was excluded under various provisions of the Speedy Trial Act.

The entire period of the delay from March 13, 2020 through September 7, 2021 also was excluded under the administrative orders issued in the district and this Court's orders in this case due to the impossibility of safely conducting in-person jury trials and the inability of the Court to summon an adequate spectrum of jurors in the midst of a rampant epidemic, which the Court found would make a miscarriage of justice likely to occur if it attempted to convene a trial during that crisis. The exclusion of time due to court closures and the suspension of jury trials during the pandemic has been upheld as valid under 18 U.S.C. § 3161(h)(7)(A), and such exclusions do not require any showing either that the defendant consented to the delay or that convening a jury trial would have been "literally impossible." *United States v. Olsen*, 995 F.3d 683, 693 (9th Cir. 2021) ("[S]urely a global pandemic that has claimed more than half a million lives in this country, and nearly 60,000 in California alone, falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health.").

Moreover, all of the delays discussed above were instigated by defense requests, first due to the requested competency evaluation, and thereafter due to serial requests by defense counsel for more time to prepare for trial, based on undisputed circumstances attendant to the pandemic that had delayed and obstructed the ability of defense counsel to spend adequate time with the defendant to discuss the evidence and prepare a trial strategy. The defendant contends that he instructed his lawyers to "object to any continuance," but he was present virtually during all of the

conferences and hearings that were held to discuss the trial schedule, with the exception of the final September 23, 2021 scheduling conference. The defendant never indicated on the record any difference of opinion with his counsel about the need for the requested delays. But even if the defendant instructed his lawyers to object to the delays and they refused to do so, or requested continuances contrary to his desires, the defendant cannot establish a speedy trial violation, because the continuances were requested by his counsel. *United States v. Baker*, 562 F. App'x 447, 453 (6th Cir. 2014) ("In a final attempt to establish a Speedy Trial Act violation, Baker argues that without an 'affirmative showing on the record' that he personally consented to the continuances, he is not bound by his lawyer's requests for additional time. But the ends-of-justice continuance 'does not require a defendant's consent,' and Baker's argument to the contrary is unavailing." (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009)); *see also United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010) ("[E]ven though Stewart did not provide his consent, the district court acted within its wide range of discretion in deciding to grant the motion for a continuance that was filed by Stewart's attorney."); *United States v. White*, 985 F.2d 271, 275 n.1 (6th Cir. 1993) ("Even assuming defendant had not waived the Speedy Trial Act arguments, he would not have prevailed, as his attorney consented to the delays.") (citing *United States v. Monroe*, 833 F.2d 95 (6th Cir. 1987) (holding that consent to a delay waives any subsequent objection)).

Finally, the defendant's motion does not specify how his defense has been impaired by the delay of the retrial from January 2020 to December 2021, and he therefore cannot prevail on any claim that the Court erred by granting any of the ends-of-justice exclusions during that period. *Baker*, 562 F. App'x at 453 ("As to prejudice, Baker has not alleged, much less demonstrated actual prejudice resulting from the district court's decision to grant the continuances. Accordingly,

since the court provided permissible reasons for granting the ends-of-justice continuances — which Baker affirmatively requested — the court did not abuse its discretion.").

### B. Sixth Amendment

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]'" *Felix*, 850 F. App'x at 382 (quoting U.S. Const. amend. VI). "In *Barker v. Wingo*, the Supreme Court established four factors for evaluating a speedy-trial claim under the Sixth Amendment: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice to the defendant resulted." *Ibid.* (citing 407 U.S. 514, 530(1972)). "'No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances.'" *Ibid.* (quoting *United States v. Sutton*, 862 F.3d 547, 559 (6th Cir. 2017)). None of the *Barker* factors favor a finding of undue delay in the circumstances of this case.

First, as the government concedes, "[a] delay longer than one year typically is assumed to be presumptively prejudicial." *Craig v. Winn*, No. 20-1844, 2021 WL 3195841, at *4 (6th Cir. May 20, 2021), cert. denied, 142 S. Ct. 286, 2021 WL 4508898 (2021). However, the showing of an unusually long delay merely triggers the consideration of the remaining *Barker* factors, and no one factor alone is dispositive in the Court's consideration.

Second, there has been no showing that any delay, including any recent delay occasioned by the government's professed inability to summon its trial witnesses on short notice, was caused by any bad faith conduct by the government. "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh

in favor of the government." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006).  Delay that may have been caused by the government's need for more time to prepare for trial is a neutral factor, or weighs in favor of the government, because there has been no credible showing that the government acted improperly or with any improper motive in asserting its need for more time to summon witnesses in the midst of the lingering limitations and complications of the still ongoing pandemic.

Moreover, the bulk of the delay, as discussed above, was due to defense requests for more time to prepare for trial, as well as the defense request for a competency evaluation.  Any delay resulting from the government's professed need to delay the start of trial was insignificant in comparison with the delays caused by proceedings that were instigated by the defense, including the filing of numerous pretrial motions during the period of delay: (1) a defense motion for a competency evaluation, ECF No. 71; (2) a motion to withdraw by defendant's former trial counsel, ECF No. 79; (3) the defendant's motion and renewed motion for revocation of the detention order, ECF No. 100, 126; (4) the defendant's motion and renewed for return of property, ECF No. 129, 141; (5) his motions to modify the conditions of pretrial release, ECF No. 146, 150; (6) his motions to exclude lay opinion identification testimony and to exclude evidence, ECF No. 156, 159; and (7) a motion to withdraw recently filed by his present trial counsel, ECF No. 163.  Contrary to the defendant's argument, almost the entire period of delay was attributable here to defense requests for more time for trial preparation, or the need to resolve pretrial disputes and complete pretrial proceedings that were initiated by the defense.  The second *Barker* factor is at best neutral, or weighs against the defendant in this case. *Felix*, 850 F. App'x at 382 ("In finding this factor to be neutral at best, the district court found significant delay attributable to defendant (due to his requests for additional time and his own pretrial motions) and just a 'small fraction' attributable to

the government. Felix acknowledges his actions contributed to the delay (and finds no fault with the government's conduct here) but contends the district court unnecessarily delayed resolving what he characterizes as uncomplicated pretrial motions . . . . On this record, we see no reason to upset the district court's weighing of this factor.").

The third *Barker* factor also is neutral or weighs against the defendant because the record discloses that the defendant formally asserted his speedy trial right only at the conclusion of nearly 20 months of other proceedings in the case — most of which were instigated by the defense — and only after presenting the Court with numerous pretrial motions and requests for delays of the proceedings. *Felix*, 850 F. App'x at 382 ("As the district court concluded, this factor is again neutral. On the one hand, Felix asserted his Sixth Amendment rights below, but on the other, he did so two years after indictment and after seeking several continuances and extensions of time.").

Finally, the defendant asserts in a generalized fashion that his case has been prejudiced by the delay because "memories fade" and "evidence may be lost" during a 20-month delay. However, he has not identified any testimony or evidence that he could have produced at a retrial in January 2020 which now is beyond his reach or has been compromised in value. "The fourth and final *Barker* factor 'requires the defendant to show that substantial prejudice has resulted from the delay.'" *Felix*, 850 F. App'x at 383 (quoting *United States v. Zabawa*, 719 F.3d 555, 563 (6th Cir. 2013)). When weighing this factor, prejudice must be "assessed in the light of the interests of defendants which the speedy trial right was designed to protect," which the Supreme Court has enumerated as the following: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Among those interests, "[t]he last is 'most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'"

*Felix*, 850 F. App'x at 383 (quoting *Barker*, 407 U.S. at 532).  However, "[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay."  *United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) (quotations omitted).  In this case, the defendant has failed to make the required specific showing of prejudice to sustain his Sixth Amendment challenge.

### III.

The defendant's request for reconsideration of the Court's trial scheduling order is untimely, and he has not established that his defense has been impaired in any meaningful way by the delay in the commencement of trial to mid-December 2021.  The bulk of the delay between the mistrial and the present trial date was caused by defense requests or associated with proceedings instigated by the defense, and almost the entire period of delay also validly was excluded under various provisions of the Speedy Trial Act.  The defendant has not established that any sanction is warranted either for the two-month delay of the trial from October to December 2021, or for any prior delay in the proceedings since the January 2020 mistrial.

Accordingly, it is **ORDERED** that the defendant's motion to vacate the order scheduling trial and excluding time (ECF No. 160) is **DENIED**.

<div style="text-align: right">

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

</div>

Dated:   December 10, 2021